```
                   UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF LOUISIANA


LOUIS G. SCOTT                                    CIVIL ACTION


VERSUS                                            NO. 12-2502


SUPREME COURT OF                                  SECTION F
THE STATE OF LOUISIANA
```

### ORDER AND REASONS

Before the Court is the defendant's motion to dismiss. For the reasons that follow, the motion is GRANTED.

### Background

This civil rights litigation arises from the alleged discriminatory action taken by the Louisiana Supreme Court when it disciplined a black attorney for professional misconduct because another attorney appeared on his client's behalf in state criminal court while he was in another court on another matter.

The reality of practicing law in state criminal court is that lawyers are often required to be in more than one courtroom on the same day.[1]  Indeed, in a given section of state criminal court there may be several matters scheduled on the day's docket, and the

---

[1] This factual summary is drawn from the complaint, the well-pleaded facts of which are taken as true and viewed in the light most favorable to the plaintiff.

1

lawyers enrolled on those cases do not know which case will actually go to trial on a given day.  To accommodate conflicting schedules, it has become customary for attorneys to stand in for one another:  an attorney that is not enrolled on a particular case might appear on behalf of the enrolled attorney to seek a continuance, or simply to stand-in while the matter is reset, while the enrolled attorney is appearing in another section of court on another matter.  Mr. Scott describes this practice as essential to the state criminal trial process, but admits that this "may or may not be technically a violation of the rules of conduct."  Thus, Mr. Scott complains, the rules are applied in a discriminatory fashion.

Mr. Scott avers that it was his participation in this well-established custom (another lawyer appeared in his place at a hearing) that, because he is black, resulted in him being disciplined, even though he was simply engaging in a practice that lawyers do on a daily basis.[2]

On February 5, 2010 the Louisiana Supreme Court suspended Mr. Scott from practicing law for six months.  The suspension was

---

[2]Mr. Scott states:

> Because it is clear to inmates and others that separate rules apply for black attorneys, especially [Mr. Scott], their confidence in such attorneys is damaged....  Other lawyers are allowed to have other lawyers stand in for them without fear of sanction.  Black lawyers, including plaintiff, find it necessary to engage in the practice but fear enforcement of the unspoken, unwritten rule.

2

deferred, however, and Mr. Scott was placed on probation for one year.  Mr. Scott was also required to pay attorney's fees and costs, totaling $12,000.  Furthermore, as a result of the outcome of his disciplinary proceeding, which was publicly released on the internet and in newspapers, Mr. Scott's malpractice insurance premiums have increased 500%, and his reputation has been damaged.

On October 12, 2012 Mr. Scott sued the Louisiana Supreme Court, asserting claims under 42 U.S.C. § 1983, 1985, and 1986, as well as Louisiana state law claims under Louisiana Civil Code articles 2315, 2316, 2320.  He alleges that the rules of professional conduct adopted by the Louisiana Supreme Court are "drafted in such a way that anyone who practices law within the state could be in violation", that "[t]he rules...invite and encourage discrimination in application", and that he was singled out for punishment.

The Louisiana Supreme Court now seeks dismissal for failure to state a claim and for lack of subject matter jurisdiction.

I.

A.

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge a federal district court's subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).  The Louisiana Supreme Court challenges this Court's subject matter jurisdiction under Rule 12(b)(1), invoking the Eleventh Amendment's

doctrine of sovereign immunity with respect to the plaintiff's federal civil rights claims.  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. <u>Choice Inc. of Texas v. Greenstein</u>, 627 F.3d 710, 714 (5th Cir. 2010)(citations omitted).  The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Barrera-Montenegro v. United States</u>, 74 F.3d 657, 659 (5th Cir. 1996).

*B.*

The other ground for dismissal advanced by the defendant is dismissal for failure to state a claim, under Rule 12(b)(6).  The standard of review applicable to motions to dismiss under Rule 12(b)(1) is similar to that applicable to motions to dismiss under Rule 12(b)(6).[3]

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See <u>Lowrey v. Tex. A</u>

---

[3]See <u>Williams v. Wynne</u>, 533 F.3d 360, 364-65 n.2 (5th Cir. 2008)(observing that the Rule 12(b)(1) and Rule 12(b)(6) standards are similar, but noting that applying the Rule 12(b)(1) standard permits the Court to consider a broader range of materials in resolving the motion).

& M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Thus, in considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly

5

give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted)(citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Finally, "[w]hen reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011)(quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

## II.

The Louisiana Supreme Court urges several grounds for dismissal of the plaintiff's complaint, including that: the plaintiff's claim is prescribed; the plaintiff's claim is barred by the Rooker-Feldman doctrine; the plaintiff fails to state a claim for relief in that the plaintiff concedes that the professional conduct rules are not discriminatory and the plaintiff has not alleged selective enforcement; and that the Court lacks subject matter jurisdiction because the Louisiana Supreme Court enjoys sovereign immunity from suit.[4]

In support of its request for dismissal on jurisdictional grounds, the state high court defendant invokes case literature

---

[4]Curiously, the defendant advances its jurisdictional argument last, and the plaintiff in his opposition papers fails to address it at all.

that instructs "it is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment...." See Clark v. Clark, 984 F.2d 272 (8th Cir.), cert. denied, 510 U.S. 828 (1993). These principles indeed apply here.

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1637 (2011); Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)(citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996)).[5] A federal district court lacks subject matter jurisdiction where the named defendant is protected by Eleventh Amendment immunity. See Wagstaff v. U.S. Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007)(per curiam). This jurisdictional bar applies regardless of the nature of the relief sought. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). Indeed, not only does the Eleventh Amendment preclude individuals from suing a state in federal court for money damages, it also bars injunctive and declaratory suits against the state, unless the state consents to suit, or its immunity is otherwise overcome by application of waiver, abrogation, or *Ex parte Young* doctrines. See id.; see also Pennhurst State School & Hosp. v.

---

[5]The Eleventh Amendment instructs that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any foreign State."

Halderman, 465 U.S. 89, 100-01 (1984); see also Cory v. White, 457 U.S. 85, 91 (1982).

In precluding suits against states, it is settled that, absent an exception, the Eleventh Amendment necessarily embraces claims asserted by individuals against states, their agencies or departments, and state actors in their official capacities, as well as state courts.  See K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010)(citing Hutto v. Finney, 437 U.S. 678, 700 (1978)); see Mahogany v. Louisiana State Supreme Court, 262 Fed.Appx. 636 (5th Cir. Jan. 25, 2008)(unpublished)(citing S. Christian Leadership Conference v. Sup. Ct., 252 F.3d 781, 782 n.2 (5th Cir.), cert. denied, 534 U.S. 995 (2001) and Jefferson v. La. State Sup. Ct., 46 Fed.Appx. 732 (5th Cir. 2002)).[6]  Here, the plaintiff names as a defendant the state high court, which is a branch of state government.  The Eleventh Amendment precludes the plaintiff's federal civil rights claims against the Louisiana Supreme Court.

---

[6]In Southern Christian Leadership Conference, the Louisiana Supreme Court failed to advance an argument concerning Eleventh Amendment immunity, but the Fifth Circuit nonetheless noted that "it is well established that the Eleventh Amendment protects state supreme courts."  Id. at 783 n.2 (citing Landers Seed Co., Inc. v. Champaign Nat'l Bank, 15 F.3d 729 (7th Cir. 1994)).
 In Jefferson, an unpublished opinion, the Fifth Circuit affirmed the district court's dismissal of the plaintiff's § 1983 claims against the Louisiana Supreme Court for lack of subject matter jurisdiction, observing that "[t]he Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government." 46 Fed.Appx. 732 (5th Cir. Aug. 9, 2002).

Therefore, the Court lacks subject matter jurisdiction over Mr. Scott's federal claims,[7] as well as his state law claims.[8]

Accordingly, the defendant's motion to dismiss is GRANTED.

New Orleans, Louisiana, March 27, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] The Court notes that this is so with respect to each of the plaintiff's civil rights claims -- the Louisiana Supreme Court is a branch of the state government that has not waived its immunity from being sued in federal court. Moreover, the plaintiff has failed to plausibly state a federal civil rights violation because § 1983, § 1985, and § 1986 claims may be brought only against "persons". The Louisiana Supreme Court is not a "person" within the meaning of the federal civil rights statutes. See Moity v. Louisiana State Bar Ass'n, 414 F. Supp. 180, 182 (E.D.La.), aff'd, 537 F.2d 1141 (5th Cir. 1976). The plaintiff has made no effort to satisfy his burden to show that this Court has subject matter jurisdiction over his claims.

[8] As the Fifth Circuit has observed:

> In Pennhurst, the Supreme Court held that sovereign immunity barred federal courts from hearing state law claims brought in federal court against state entities and state officers sued in their official capacities, including claims for injunctive relief under state law. See Pennhurst, 465 U.S. at 117.... The Court reasoned that such claims could not be maintained against the state entity because the supplemental jurisdiction doctrine did not abrogate the state entities' sovereign immunity. See id. at 119-21.... [T]he reasoning in Pennhurst is applicable...if sovereign immunity is at issue.

Kermode v. University of Mississippi Medical Center, No. 12-60010, 2012 WL 5688987, at *6 (5th Cir. Nov. 16, 2012)(unpublished)(citing Pennhurst, 465 U.S. at 117, 119-21).